IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

TORI PLENTYHOOPS

Plaintiffs,

v.

Jonathan Rolff, Elbert County Sheriff's Department, in his individual capacity;
Tim Norton, Elbert County Sheriff's Department, in his individual and professional capacity
County of Elbert.

Defendants.

## COMPLAINT AND JURY DEMAND

Tori Plentyhoops, by and through her attorney, Robert Werking of LFM Defense respectfully submit her Complaint and Jury Demand. She states as follows:

### INTRODUCTION

1. This is a civil rights action that seeks monetary damages, declaratory relief, and injunctive relief pursuant to 42 U.S.C. § 1983. It stems from an unlawful arrest, excessive use of physical force, and malicious prosecution perpetrated by a sheriff's deputy sergeant employed by the Elbert County Sheriff's Department.

2. The victim, Tori Plentyhoops, is a twenty-four-year-old female indigenous person and resident of Douglas County, Colorado.

3. During the evening of August 12, 2021, Tori Plentyhoops was parked in a parking lot near a fast-food restaurant in the Town of Parker, Douglas County, Colorado, when she was confronted by Elbert County Sheriff Sergeant Jonathan

Rolff. Sgt. Rolff was dressed in a dark hoody, denim jeans in all regards described as being in plain clothes, driving a civilian vehicle that did not have a front license plate.

4. Sgt. Rolff walked up to Ms. Plentyhoops' parked car, and he flashed an Elbert County Sheriff's badge and a handgun at Ms. Plentyhoops. Sgt. Rolff told her he was an Elbert County Sheriff's Deputy and that he was conducting a traffic stop. He accused her of driving carelessly through the parking lot prior to parking near a fast-food restaurant. Initially Ms. Plentyhoops gave Jonathan Rolff her driver's license.

5. Upon reflection, Ms. Plenthoops was confronted by a plain clothed individual, driving a civilian vehicle without a front license plate, in Douglas County (not Elbert) and the way he acted toward her, along with news reports of fake police officers pulling over and raping young women, she went to Sgt. Rolff's vehicle to retrieve her driver's license and leave the parking lot. Sgt. Rolff refused to return her driver's license.

6. Sgt. Jonathan Rolff, despite being out of his jurisdiction, went hands on with the young woman to take her car keys and restrain her from leaving. Although Jonathan Rolff denied that he had ever touched Ms. Plentyhoops, an outside witness that was leaving the fast-food restaurant called 911 to report a man attacking a woman in the parking lot.

7. Parker Police Officers arrived on scene. Sgt. Jonathan Rolff claimed he stopped Mr. Plentyhoops for driving under the influence and that she had assaulted him, a police officer, or felony assault. He claimed that Ms. Plentyhoops kicked him in his chest while he was attempting to take her car keys from her. Jonathan

Rolff insisted that he had been assaulted, in his capacity as a law enforcement. Parker Police Officer Rand pursued felony assault charges against Ms. Plentyhoops and Parker Detective Cashman filed an affidavit for her arrest.

8. Based on Jonathan Rolff's claim that he was attacked, in the performance of his job as a sheriff's deputy, Ms. Plentyhoops was charged with Second Degree Assault, a Class 4 Felony, as well as Driving Under the Influence, an unclassified misdemeanor, in the Douglas County District Court.

9. Count 1 of the *Complaint and Information* filed in Case 21CR0354 stated, "On or about April 9, 2021, Tori Jean Plentyhoops, with intent to prevent Jonathan Rolff whom the defendant knew or reasonably should have known to be a peace officer from performing a lawful duty, unlawfully, feloniously, and intentionally caused bodily injury to Jonathan Rolff, in violation of section 18-3-203(1)(c) C.R.S."  Pursuant to the Colorado Revised Statutes, a conviction for Second Degree Assault pursuant to Section (1)(c) shall be sentenced in accordance with Section 18-1.3-406 C.R.S. and shall be sentenced to prison as a crime of violence; however, notwithstanding that provision the court can decide not to sentence the defendant to prison.  This section is deemed a mandatory/non-mandatory sentence.

10. Ms. Plentyhoops was arrested and forced to post bond for a felony, mandatory prison crime of violence charge of Second-Degree Assault.

11. Eventually, the prosecution investigated the allegations and dismissed the Felony Assault.  Not only did the prosecution agree to dismiss the felony assault, but because the felony assault did not factually occur and would never be able to be sealed due to the traffic offense, the original case was entirely dismissed.  A subsequent summons was issued for the DUI alone.  Following dismissal of the

felony assault, the case was sealed to protect Ms. Plentyhoops future employability.

12. The circumstances of Tori Plentyhoops' arrest and officers' subsequent investigation were captured on Parker Police officers' body cameras. Notwithstanding, Defendant Sgt. Rolff made several false and misleading statements to the arresting officers seeking to retroactively engineer legal justifications for his malicious and unlawful use of force he used under the authority of the Elbert County Sheriff's Department. Based on Defendant Rolff's false statements, Tori Plentyhoops was forced to hire a criminal defense attorney and endure several court appearances for a fictitious felony charge in the Douglas County District Court.

13. The use of excessive force, unlawful arrest and prosecution of Tori Plentyhoops are part of a pattern of police misconduct in the Elbert Country Sheriff's Department. Tori brings this action to (a) seek damages for the injuries, damages, and losses she has sustained because of this misconduct, and (b) deter and prevent similar instances of police misconduct in the future.

## JURISDICTION & VENUE

14. This Court has jurisdiction pursuant to the following statutes:
    a. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;
    b. 28 U.S.C. § 1343 (3) and (4), which gives district courts jurisdiction over actions to secure civil rights extended by the United States government;

15. Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) because the events that gave rise to this Complaint occurred in this district.

## PARTIES

16. Plaintiff, Tori Plentyhoops, is an individual who resides at 10705 Mount Bross, Parker, Colorado 80138.

17. Defendant, Jonathan Rolff, was at all relevant times a sheriff's deputy employed by the County of Elbert. He is sued in his individual capacities.

18. Defendant, Tim Norton, is and was at all relevant times the Sheriff for the County of Elbert. He is sued in his official capacity.

19. Defendant County of Elbert, Colorado, is a county established under the laws of the State of Colorado.

20. At all times pertinent, Defendants Rolff, Norton and County of Elbert, Colorado were acting under color of state law within the meaning of 42 U.S.C. § 1983.

## GENERAL ALLEGATIONS

21. As a result of the arrest and subsequent prosecution of Ms. Plentyhoops, Tori Plentyhoops was forced to make multiple appearances in the Douglas County District Court. Tori Plentyhoops incurred substantial fees and costs associated with her legal defense.

22. The matter was entirely dismissed by the prosecution on August 30, 2021, evidencing the fact Tori Plentyhoops was fully vindicated from this malicious prosecution related to the Second-Degree Assault allegation (Favorable Termination element, *Thompson v Clark*, 596 U.S. ___ (2022)).

23. As a direct and proximate result of the subject incident, Tori Plentyhoops suffered injuries including, but not limited to, bruises and abrasions.

24. Ms. Plentyhoops' injuries from being assaulted by Defendant Sgt. Jonathan Rolff caused her physical, mental, and emotional pain and suffering and

emotional distress, and loss of quality of life, all of which are permanent in nature.

25. As a direct and proximate result of Defendants' conduct, Tori Plentyhoops has incurred fees and costs related to the abovementioned unlawful criminal prosecution.

**FIRST CLAIM FOR RELIEF**
42 U.S.C. § 1983 – Wrongful Arrest
(Against Defendants Rolff)

26. Plaintiffs hereby incorporate all other allegations in this Complaint as though fully alleged herein.

27. At no time did Defendant obtain a warrant for the arrest of Tori Plentyhoops on April 9, 2021.

28. The arrest was without reasonable grounds for Defendant Sgt. Rolff to believe that Tori Plentyhoops had committed an offense, and Defendant knew that they lacked probable cause to arrest Tori Plentyhoops.

29. No complaint, information, or indictment was ever sworn against the plaintiff alleging offenses occurring prior to the moment that Defendant Rolff used force against Tori Plentyhoops to take her into custody.

30. As a result of the unlawful and malicious arrest by Defendant Rolff, Tori Plentyhoops was subject to an unlawful seizure, in violation of the Fourth Amendment of the United States Constitution and was deprived of her liberty without due process of law, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States.

31. As a result of Defendants' conduct, Plaintiffs have suffered injuries, damages, and losses in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
42 U.S.C. § 1983 – Excessive Force
(Against Defendant Rolff)

32. Plaintiffs hereby incorporate all other allegations in this Complaint as though fully alleged herein.

33. Defendant Rolff subjected Tori Plentyhoops to a "seizure" as that term is used in the Fourth Amendment to the United States Constitution.

34. Pursuant to the Fourth Amendment to the United States Constitution, Defendant Rolff was required to use only that level of force which was objectively reasonable considering the facts and circumstances confronting them.

35. Defendants' use of force was unreasonable and excessive, in violation of Tori Plentyhoops' Fourth Amendment right to be free from unreasonable seizure.

36. At all times relevant, Defendants Rolff, under color of state law, acted intentionally, knowingly, recklessly, and with deliberate indifference.

37. The acts and omissions of Defendant Rolff deprived Tori Plentyhoops of the right to be secure in her person against unreasonable seizure, as guaranteed by the Fourth Amendment to the United States Constitution, and the right to due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

38. As a result of Defendants' conduct, Plaintiff suffered injuries, damages, and losses in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

## 42 U.S.C. § 1983 – Malicious Prosecution (Against Defendant Rolff)

39. Plaintiffs incorporate all other allegations in this Complaint as though fully alleged herein.

40. Defendant Rolff intentionally, knowingly, recklessly and with deliberate indifference, maliciously prosecuted Tori Plentyhoops without reasonable suspicion or probable cause to believe that Tori Plentyhoops had committed an offense.

41. Defendant Rolff made multiple reckless and/or intentional false statements of material fact in his statements to law enforcement officers Graham and Moreno. These statements, which were contradicted by another independent witness on scene (Andrew Stahl), were the only evidence supporting the prosecution of Tori Plentyhoops for Second Degree Assault. There was no physical evidence or injuries to Defendant Rolff as specifically noted by Officer Moreno at the time Defendant Rolff was insisting on the Second-Degree Assault charge.

42. The actions of Defendant Rolff deprived Tori Plentyhoops of the securities, rights, privileges, liberties, and immunities secured by the Constitution of the United States, including his right to freedom from unlawful seizure as guaranteed by the Fourth Amendment, and the right to due process, as guaranteed by the Fourteenth Amendment to the Constitution of the United States of America.

43. Defendant Rolff's actions and omissions were willful and wanton and should shock the conscience of the Court.

44. As a result of Defendant's conduct, Plaintiff suffered injuries, damages, and

losses in an amount to be determined at trial.

## **FOURTH CLAIM FOR RELIEF**
42 U.S.C. § 1983 – Corporate Liability
(Against Defendants Norton and County of Elbert)

45. Plaintiffs hereby incorporate all other allegations in this Complaint as though fully alleged herein.

46. Defendant Norton and the County of Elbert are official policymakers for the Elbert County Sheriff's Department and, in that capacity, establish policies, procedures, customs and/or practices for Department employees, including sheriff deputies. These Defendants are responsible, in accordance with established customs, policies and procedures, for the training and supervision of employees of the Elbert County Sheriff's Department, including but not limited to Defendant Rolff.

47. Defendants Norton and County of Elbert developed and maintained customs, policies, and procedures, or failed to develop such practices, thereby exhibiting a deliberate indifference to the Constitutional rights of persons in the County of Elbert as well as the entire state of Colorado, and which proximately caused the violation of Tori Plentyhoops Constitutional rights, as previously described herein.

48. Defendant Norton and County of Elbert promulgated policies with regard Off-Duty Law Enforcement Actions (Elbert County Sheriff's Office, Policy 343). "Deputies generally should not initiate law enforcement action while off-duty. Deputies should not attempt to initiate enforcement action when witnessing minor crimes, such as suspected intoxicated drivers, reckless driving or minor property crimes…."

49. Sergeant Rolff was off-duty at the time he acted as a law enforcement officer, while outside his jurisdiction, in violation of ECSO Policy 343. Based on information and belief, Sergeant Rolff was not held accountable by the Sheriff or the County for violation of the policy or in any manner reprimanded for the policy violation.

50. Defendants Norton and County of Elbert failed to train, discipline, or discharge Elbert County Sheriff's Department employees who violated constitutional customs, policies, and procedures, exhibiting a deliberate indifference to the Constitutional rights of persons in the County of Elbert, and which proximately caused the violation of Tori Plentyhoops' Constitutional rights, as previously described herein.

51. Defendants Norton and County of Elbert failed to adequately supervise and train employees of the Elbert County Sheriff's Department with respect to, *inter alia*, Elbert County Sheriff's Department policies regarding performing off duty law enforcement functions while in another jurisdiction, the evaluation of reasonable suspicion and probable cause for arrest and prosecution, the necessary and appropriate use of force, the use of lesser degrees of fore, proper methods in the detention and apprehension or seizure of suspects, the duty to intercede against fellow officers in the process of depriving civil rights, prohibitions against conspiracy to violate civil rights, prohibitions against concealing wrongful acts of errant police officers, and failure to provide a meaningful complaint process or remedy for wrongful conduct of errant police officers.

52. The acts and omissions of Defendants Norton and the County of Elbert were a moving force behind the violation of Tori Plentyhoops constitutional rights.

53. As a result of Defendants' conduct, Plaintiff has suffered injuries, damages, and

losses in an amount to be determined at trial.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants for damages in an amount to be determined at trial, interest as provided by law, costs, expert witness fees, attorney's fees, and such other and further relief as this Court deems proper and fitting

/s Lisa Moses  
LFM Defense  
5200 DTC Parkway Suite 410  
Greenwood Village, CO 80111  
Telephone: (720) 644-5342  
E-mail: lisa@lfmdefense.com  
Attorneys for Plaintiff